John Frese, Plaintiff and Appellee, *v.* Public Service Commission, Defendant and Appellant.

No. 7738. Argued April 11, 1939.—Decided July 5, 1939.

*Tomás Torres Pérez,* for appellant. *Henry G. Molina* and *S. de la Fuente,* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

The Public Service Commission appeals from an adverse judgment rendered by the district court on an appeal from a decision by the Commission. From a statement prepared by the district judge and adopted by appellant in its brief, we gather:

F. A. C. Hastrup was the owner of a suburban residence in the municipality of Guaynabo. He had a verbal contract with the municipality for a water supply at $8 a month. By deed executed April 24, 1930, Hastrup donated the property to his daughter, Evelyn Anita Hastrup. The deed provided that whenever the donee was absent from the island during the lifetime of the donor he would be administrator of the property. Hastrup continued to live in the house and to pay for the water as he had done before the deed of donation. At the end of the year 1934 he ceased to pay. Later, the municipality refused to furnish water to John Frese, the lessee of Evelyn Hastrup, unless an indebtedness amounting to $158.33 for water already furnished was first paid. Frese appeared before the Public Service Commission

and filed a complaint accompanied by a certificate of deposit. This deposit was to be used in payment of the amount due the municipality if it should be decided that either Frese, the lessee, or Evelyn A. Hastrup, the lessor and owner of the property, should pay for the water. If it should be determined that Hastrup, the former owner was the debtor, the certificate was to be returned to Frese.

From the evidence adduced before the Commission it appeared that Hastrup had lived in the house during the time he failed to pay for the water. During that time his daughter Evelyn was a permanent resident of the city of New York. It did not appear from the evidence that Hastrup had entered into any new contract with the municipality. He had continued to use and pay for the water as he had done prior to the date of the donation. The Commission had decided that since it appeared from the deed of donation that Hastrup was to continue as administrator of the property, the donee was liable and that the municipality was entitled to apply the certificate of deposit to the payment of the debt. Frese had appealed on the ground that Hastrup himself, not his daughter, should pay for the water.

On the present appeal the first assignment is that the district court erred in finding that the evidence before the Commission did not disclose any contractual *nexus* between the daughter and the municipality.

Appellant cites: 2 C. J. S. 1045, sec. 23; *Griffith* v. *Alcocke,* 37 So. 47; *Beach* v. *Huntsman,* 83 N. E. 1033; *Dodd* v. *Atlanta,* 28 A.L.R. 465, and note 472, 475 and 486; *Smith* v. *Scranton Gas & Water Co.* (1899) 5 Lack. Legal News (Pa.) 235; *Suau* v. *Capital of P. R.,* 50 P.R.R. 733.

A reading of the opinion in *Beach* v. *Huntsman,* will suffice to distinguish that case. We do not have access to the case of *Smith* v. *Scranton Gas & Water Co.* Appellant relies on the description contained in a note to *Dodd* v. *Atlanta, supra,* at page 480. In the circumstances of the

instant case, we are not prepared to reverse the judgment of the district court on the authority of the Smith case.

The instrument of donation is not before us. From another instrument, executed by Hastrup December 31, 1936, it appears that, in the instrument of donation, Hastrup not only stipulated that during his lifetime whenever his daughter was absent from the island he should administer the property, but also stipulated that during his lifetime and during the lifetime of his wife, the daughter should provide a room for each of them. By the terms of the instrument of donation, the property could not be alienated, sold or encumbered by the daughter without the express constant of her parents or of the surviving parent in the event of the death of either. Manifestly, the donor, at the time of the donation, did not contemplate any change of residence unless and until it should suit his own convenience. As long as the daughter remained on the island, the donor had no duties to perform as administrator. After the daughter departed from the island, his duties as administrator were not onerous. There is nothing to show that he ever rendered any accounts, ever charged anything to his daughter, ever kept any account of his acts as administrator or ever performed any act as administrator. The daughter, as owner of the legal title, had certain rights, of course, which she might have exercised but did not exercise until her uncle, John Frese, became her lessee, and agent and attorney-in-fact. From April 24, 1930, to June 1, 1936, the transaction between Hastrup and his daughter seems to have been ''all in the family'' and Hastrup was the head of the family. In the instrument of December 31, 1936, whereby Hastrup renounced, sold and assigned to his daughter all the rights reserved by him at the time of the donation, he explained and stipulated that he was not liable for any of the current expenses of maintenance from and after June 1, 1936.

Hastrup's contract with the municipality was, as pointed out by the district judge, purely personal. The municipality

had no lien on the property. The daughter remained with her parents from the date of the donation, April 24, 1930, to October, 1934. If we assume with appellant and with the district judge that Hastrup's contract with the municipality was prior to the date of the donation, the instrument of donation did not make the daughter a party to that contract. If, on the other hand, we should assume—contrary to the theory of appellant and of the district judge—that Hastrup entered into his contract with the municipality after the date of the donation, the result would be the same. He did not profess to act as his daughter's agent and did not act as her agent because he was not her agent at that time. The inference is that he was providing a water supply for himself and his family, including his daughter. He paid for the water at the rate of $100 per year to the end of 1934. The daughter was not liable on her father's contract prior to her departure in October, 1934, and her departure did not create any such liability.

The district judge did not err as claimed in the first assignment.

The second assignment is that the district court erred in its application of the principle involved in *Suau Carbonell* v. *The Capital,* 50 P.R.R. 733, to the facts in this case.

The district judge said that there was nothing in the evidence before the Commission to show any contractual *nexus* between Evelyn Anita Hastrup and the municipality of Guaynabo, unless it were the clause contained in the instrument of April 24, 1930, making Hastrup an administrator of the property. He then held that the daughter was under no obligation by virtue of that clause to pay the debt of her father, especially in view of the fact that the municipality had no lien on the property. He cited *Suau Carbonell* v. *The Capital.* He was under the impression that the father's contract with the municipality had preceded the donation. The Suau case speaks for itself. It would be unfair to the district

judge to assume that he cited it in support of his statement that the clause referred to did not suffice to establish any contractual relation between the daughter and the municipality. His statement of the case and opinion fairly construed, discloses no misapprehension of what was decided in the Suau case and no misapplication of the doctrine thereof.

The third assignment is that the district court erred in rendering the judgment appealed from and in not affirming the decision of the Public Service Commission. It is equally without merit.

The judgment appealed from must be affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.